IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN WILLIAMS                                                                                          PLAINTIFF

v.                                       Case No. 6:22-cv-6042

BERRY GLOBAL, INC.                                                                                  DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 16. Plaintiff, representing himself in this matter, has not filed a response, and the time for doing so has passed.[1] The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff brings a single claim of age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*[2] Specifically, Plaintiff claims he was terminated on June 30, 2021, because of his age (71). The Court sets forth the relevant facts below, which are deemed to be admitted.[3]

Plaintiff began his at-will employment with Defendant in 2011 at its Hot Springs, Arkansas facility. However, Plaintiff had been working at this facility since October 1999 under two previous employers. Plaintiff worked in the Quality Department throughout his entire tenure

---

[1] On July 5, 2023, the Court issued an Order to Show Cause (ECF No. 27) as to why Plaintiff had not filed a response to the summary judgment motion. The Order warned Plaintiff that failure to file a response could result in the Court granting the summary judgment motion and dismissing the case.
[2] Plaintiff's complaint also states that he is bringing an age discrimination claim under Ark. Code Ann. § 21-3-203(a)(1). However, Ark Code Ann. § 21-3-203 addresses age discrimination in public employment. Plaintiff does not allege that Berry Global, Inc. is a public employer.
[3] Plaintiff did not respond to Defendant's summary judgment motion or otherwise contest any of the facts set forth in Defendant's Statement of Facts. ECF No. 17. Accordingly, all of those facts, which form the basis for Defendant's summary judgment motion are now deemed to be admitted. *See* Local Rule 56.1(c).

at the facility. His primary responsibilities included performing various quality checks and resolutions to ensure that the products being made were produced according to company production standards and customer specifications.

When Defendant acquired the Hot Springs, Arkansas facility, Plaintiff was working as the Quality Engineer. Sometime later, Defendant demoted Plaintiff to Quality Technician. When this demotion occurred, Plaintiff went from a salaried position to hourly. Plaintiff alleges that even though he was an hourly employee, a manager at the facility told Plaintiff he could keep the same break schedule as the salaried employees, which included a one-hour lunch break.

In May 2014, a facility manager placed Plaintiff on a performance improvement plan because his performance was not at an acceptable level. In addition to other performance issues, the manager noted that Plaintiff was observed to be sleeping/resting during work hours for at least five minutes at a time.

In 2019, Defendant changed Plaintiff's shift from an eight-hour shift to a twelve-hour shift. Also in 2019, a different facility manager discussed with Plaintiff that leaving Defendant's property during work breaks was against company policy. On July 25, 2019, Plaintiff received a Coaching Notice regarding his violation of Defendant's break policy, which was signed by the facility manager and a human resources manager. As an hourly employee working a twelve-hour shift, the employee handbook allowed one thirty-minute paid break during the first part of the shift, a thirty-minute unpaid lunch period, and a fifteen-minute paid break during the last part of the shift. The facility manager instructed Plaintiff to follow the same break policy as all other hourly employees.

Around this time, Defendant also created a new position, Quality Supervisor, and promoted Kim Gross to the position, who was in her sixties at the time of the promotion. Gross

observed Plaintiff sleeping at his desk on several occasions. Gross also received multiple complaints from another employee, who worked at the desk next to Plaintiff, that the employee continually observed Plaintiff asleep at his desk during work hours. Gross observed that Plaintiff struggled with time management and did not complete tasks in a timely manner, especially when compared to his counterpart on the opposite shift. Gross informed the facility manager of these issues.

In October 2020, Plaintiff was observed sleeping for twenty or more minutes on at least two occasions that month. Plaintiff also continued to violate Defendant's break policy for hourly employees. Reviews of the testing logs showed minimal work being logged by Plaintiff on certain days when compared to his counterpart on the opposite shift. As a result, on October 30, 2020, Defendant put Plaintiff on a Final Coaching Notice for this behavior. However, Plaintiff denies he was ever presented with this document.

On June 18, 2021, Plaintiff's supervisor provided Plaintiff with a copy of his annual performance evaluation. Plaintiff obtained an overall score of "meets expectations;" however, several performance categories were noted as needing improvement. The evaluation noted that Plaintiff was struggling with time management and completing tasks in a timely manner. On June 30, 2021, Defendant presented a termination letter (ECF No. 18-9) to Plaintiff ending his employment. The termination letter cited several company policy violations by Plaintiff, which included sleeping while on Defendant's property and inattention to duties while an employee should be working. The letter also stated that Plaintiff showed an overall pattern of neglect for his job. Plaintiff alleges that he read the termination letter and stated to Laura Brody, the Human Resources Manager, "you have covered almost everything that you could cover about a human being except anything about my age." In response to this comment, Plaintiff asserts that Brody

said, "well, don't you think it's about time." Plaintiff was seventy-one (71) years old at the time he was terminated. Following Plaintiff's termination of employment, Plaintiff's job duties were absorbed by two existing employees.

In the instant motion, Defendant asks the Court to grant summary judgment in its favor on Plaintiff's age discrimination claim, which is the sole claim in this case. Plaintiff has not responded to the motion.

## II.  LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

4

### III. DISCUSSION

As an initial matter, the Court notes that Plaintiff's failure to respond to Defendant's summary judgment motion is not sufficient to dispose of the motion. *See Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."). "Even when a defendant's motion for summary judgment is not opposed by Plaintiff, a district court must satisfy itself that, on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case." *Noland v. Comm. Mortg. Corp.*, 122 F.3d 551, 553 (8th Cir. 1997). Thus, the Court must examine the record and decide if the motion is well taken. *Canada*, 135 F.3d at 1213. Accordingly, the Court will proceed to the merits of Defendant's motion and decide whether summary judgment is appropriate.

Plaintiff alleges that he was terminated because of his age. Arkansas law and "[t]he ADEA prohibits discrimination against employees, over the age of 40, because of their age." *Canning v. Creighton Univ.*, 995 F.3d 603, 610 (8th Cir. 2021) (internal quotation omitted); Ark. Code Ann. § 16-123-107. "To establish age discrimination, a plaintiff must prove by the preponderance of the evidence that age was the but-for cause of the employment decision." *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 763 (8th Cir. 2021) (quoting *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015)). "On summary judgment, the Court asks whether [Plaintiff] has provided evidence that would allow a rational juror to conclude that [Plaintiff] has met his burden." *Moore v. Forrest City Sch. Dist.*, No. 4:20-cv-00257-LPR, 2021 WL 5282940, at *14 (E.D. Ark. Nov. 12, 2021).

Because Plaintiff has not presented any direct evidence of age discrimination, the Court

must analyze Plaintiff's age discrimination claim using the familiar *McDonnell Douglas* burden-shifting framework.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Tusing v. Des Moines Indep. Cmty. Sch. Dist*, 639 F.3d 507, 515 (8th Cir. 2011).  "At step one of the McDonnell Douglas framework, the plaintiff must establish a prima facie case of discrimination."  *Main v. Ozark Health, Inc.*, 959 F.3d 319, 324 (8th Cir. 2020) (citing *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1134-35 (8th Cir. 1999) (en banc)).  To establish a prima facie case of age discrimination, Plaintiff must show that:  (1) he was over 40 years old; (2) he suffered an adverse employment action; (3) he was meeting his employer's legitimate expectations at the time of the adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's termination decision."  *Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021) (internal quotation omitted); *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 763-64 (8th Cir. 2021).  In discriminatory discharge cases, the last prong can be established by demonstrating that Plaintiff was replaced by a substantially younger individual.  *Anderson v. Durham D & M, LLC*, 606 F.3d 513, 523 (8th Cir. 2010).

"At step two, the burden shifts to [the defendant] to articulate a legitimate, nondiscriminatory reason for [the plaintiff's] termination."  *Main*, 959 F.3d at 324 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993)).  "At step three, 'the burden shifts back to the plaintiff to show that the [defendant's] proffered reason is merely a pretext for intentional discrimination.'"  *Id.* (quoting *E.E.O.C. v. Prod. Fabricators*, Inc., 763 F.3d 963, 969 (8th Cir. 2014).

### A.  Prima Facie Case (Age Discrimination)

Defendant argues that Plaintiff cannot prove a prima facie case of age discrimination.  The Court agrees.  First, Plaintiff has not shown that he was meeting his employer's legitimate

6

expectations at the time he was terminated. Plaintiff admitted that he was aware of Defendant's policies prohibiting sleeping on the job and inattention to job duties when an employee was supposed to be working. Yet, there is testimony that Plaintiff regularly fell asleep at his desk, and Plaintiff admitted that there were several occasions where he was sitting at his desk "immobilized" and not performing any work. Accordingly, the Court finds that the evidence does not permit a reasonable jury to find that Plaintiff was meeting Defendant's legitimate expectations at the time he was terminated.

Second, Plaintiff has not shown any additional evidence that age was a factor in the employer's termination decision. Following Plaintiff's termination, his job duties were absorbed by two existing employees working in the Quality Department. Plaintiff has not pointed to any younger individuals who engaged in similar company policy violations and were not terminated. Plaintiff alleges in his complaint that Brody, Human Resources Manager, made the comment, "don't you think it's about time" after Plaintiff pointed out that his age was the only reason for termination not mentioned in the termination letter. This comment, without further evidence, is ambiguous, and the Court notes that Plaintiff is the one who brought up the topic of age at the meeting with Brody, which took place after the decision to terminate Plaintiff had been made. Further, when asked in his deposition about why Brody "targeted" Plaintiff, he stated that he believed it was because he "challenged her authority" and that he did not know "if it was because of age." ECF No. 18-1, at 56. Plaintiff has simply not shown any evidence that would permit a reasonable jury to find that age was a factor in Defendant's termination decision.

Accordingly, the Court finds that Plaintiff has not presented sufficient evidence to make out a prima facie case of age discrimination. Therefore, Defendant is entitled to summary judgment on Plaintiff's age discrimination claim.

### B. Pretext

Even assuming Plaintiff presented sufficient evidence to make out a prima facie case of age discrimination, he has failed to present adequate proof to overcome Defendant's proffered, legitimate, nondiscriminatory reasons for Plaintiff's termination—sleeping while at work, taking excessive amounts of time to perform tasks, inattention of job duties, and abusing the break schedule. Plaintiff has not presented sufficient, specific evidence to prove that Defendant's reasons for termination were merely a pretext for discrimination. Further, Plaintiff has not presented evidence that would allow a reasonable jury to find that age was the "but-for" cause of his termination. *Starkey*, 987 F.3d at 763 (quoting *Hilde*, 777 F.3d at 1003). Accordingly, the Defendant is entitled to summary judgment on Plaintiff's age discrimination claim.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 16) should be and hereby is **GRANTED**. Accordingly, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge